B139

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-120 |
| | ) | |
| QUREEM OVERTON | ) | (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i) & |
| BOBBY ASKEW | ) | 841(b)(1)(B)(vi), 841(b)(1)(C), 846, & 860(a)) |
| JASMINE COOK | ) | |
| DAMION FRAY | ) | **[UNDER SEAL]** |
| RICARDO GLENN | ) | |
| JAMIR HUGHES | ) | |
| NASIR SHARPE | ) | |
| DWAYNE SMALLWOOD | ) | |
| BRADEN YARTZ | ) | |

**FILED**

JUN - 9 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT

## COUNT ONE

The grand jury charges:

From in and around January 2017 through in and around June 2020, in the Western

District of Pennsylvania and elsewhere, the defendants, QUREEM OVERTON, BOBBY

ASKEW, JASMINE COOK, DAMION FRAY, RICARDO GLENN, JAMIR HUGHES, NASIR

SHARPE, DWAYNE SMALLWOOD, and BRADEN YARTZ, did knowingly, intentionally, and

unlawfully conspire with each other, and with persons both known and unknown to the grand jury,

to distribute and possess with intent to distribute Schedule I and II controlled substances, including

(1) 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a

Schedule II controlled substance; (2) 100 grams or more of a mixture and substance containing a

detectable amount of heroin, a Schedule I controlled substance; (3) 10 grams or more of a mixture

and substance containing a detectable amount of acetyl fentanyl, a Schedule I controlled substance;

(4) a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance; and (5) a quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The grand jury further charges:

On or about June 21, 2017, in the Western District of Pennsylvania, defendants QUREEM OVERTON and BOBBY ASKEW did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

The grand jury further charges:

On or about August 31, 2017, in the Western District of Pennsylvania, defendant BOBBY ASKEW did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT FOUR

The grand jury further charges:

On or about October 10, 2017, in the Western District of Pennsylvania, defendants QUREEM OVERTON and JASMINE COOK did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT FIVE

The grand jury further charges:

On or about December 6, 2017, in the Western District of Pennsylvania, defendants QUREEM OVERTON and JASMINE COOK did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT SIX

The grand jury further charges:

On or about December 15, 2017, in the Western District of Pennsylvania, defendant JASMINE COOK did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## **COUNT SEVEN**

The grand jury further charges:

On or about July 17, 2019, in the Western District of Pennsylvania, defendant QUREEM OVERTON did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## **COUNT EIGHT**

The grand jury further charges:

On or about November 20, 2019, in the Western District of Pennsylvania, defendants QUREEM OVERTON and RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINE

The grand jury further charges:

On or about November 25, 2019, in the Western District of Pennsylvania, defendants QUREEM OVERTON and DWAYNE SMALLWOOD did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN

The grand jury further charges:

On or about December 4, 2019, in the Western District of Pennsylvania, defendants QUREEM OVERTON and RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ELEVEN

The grand jury further charges:

On or about December 12, 2019, in the Western District of Pennsylvania, defendants QUREEM OVERTON and RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWELVE

The grand jury further charges:

On or about December 18, 2019, in the Western District of Pennsylvania, defendants QUREEM OVERTON and RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## **COUNT THIRTEEN**

The grand jury further charges:

On or about January 8, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON and RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT FOURTEEN

The grand jury further charges:

On or about January 17, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON, RICARDO GLENN, and NASIR SHARPE did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT FIFTEEN

The grand jury further charges:

On or about January 23, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON, RICARDO GLENN, and BRADEN YARTZ did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, a detectable amount of acetyl fentanyl, a Schedule I controlled substance, and a detectable amount of heroin, a Schedule I controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT SIXTEEN

The grand jury further charges:

On or about February 5, 2020, in the Western District of Pennsylvania, defendant RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a detectable amount of acetyl fentanyl, a Schedule I controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

**COUNT SEVENTEEN**

The grand jury further charges:

On or about February 12, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON and RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT EIGHTEEN

The grand jury further charges:

On or about February 19, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON and RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT NINETEEN

The grand jury further charges:

On or about February 26, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON and DAMION FRAY did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY

The grand jury further charges:

On or about March 4, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON and NASIR SHARPE did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; within one thousand feet of the real property comprising a playground and of the real property comprising a public or private elementary, vocational, or secondary school; contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 860(a).

## COUNT TWENTY-ONE

The grand jury further charges:

On or about March 13, 2020, in the Western District of Pennsylvania, defendant RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-TWO

The grand jury further charges:

On or about March 18, 2020, in the Western District of Pennsylvania, defendant RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-THREE

The grand jury further charges:

On or about April 2, 2020, in the Western District of Pennsylvania, defendant RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-FOUR

The grand jury further charges:

On or about April 17, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON and BRADEN YARTZ did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-FIVE

The grand jury further charges:

On or about April 24, 2020, in the Western District of Pennsylvania, defendant RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-SIX

The grand jury further charges:

On or about April 28, 2020, in the Western District of Pennsylvania, defendants QUREEM OVERTON and RICARDO GLENN did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWENTY-SEVEN

The grand jury further charges:

On or about May 6, 2020, in the Western District of Pennsylvania, defendant JAMIR HUGHES did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF SPECIAL FINDINGS

The grand jury further finds:

1.      As to Count One of this Indictment, defendant QUREEM OVERTON:

(a)      was previously convicted on or about October 22, 2002, in the Philadelphia County (Pennsylvania) Court of Common Pleas, at Case Number 1203911-2001, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) (a serious drug felony under 21 U.S.C. § 802(57));

(b)      served a term of imprisonment of more than 12 months for this conviction; and

(c)      was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment;

(d)      was also previously convicted on or about October 28, 2002, in the Philadelphia County (Pennsylvania) Court of Common Pleas, at Docket Number 1112191-2001, of the crime of robbery in violation of 18 P.S. § 3701 (a serious violent felony under 21 U.S.C. § 802(58)); and

(e)      served a term of imprisonment of more than 12 months for this conviction;

(f)      was also previously convicted on or about October 28, 2002, in the Philadelphia County (Pennsylvania) Court of Common Pleas, at Docket Number 1112191-2001, of the crime of aggravated assault in violation of 18 P.S. § 2702 (a serious violent felony under 21 U.S.C. § 802(58)); and

(g)      served a term of imprisonment of more than 12 months for this

conviction.

2.      As to Count One of this Indictment, defendant BOBBY ASKEW:

(a)      was previously convicted on or about November 13, 2009, in the Philadelphia County (Pennsylvania) Court of Common Pleas, at Case Number 1144-2008, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) (a serious drug felony under 21 U.S.C. § 802(57));

(b)      served a term of imprisonment of more than 12 months for this conviction; and

(c)      was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

3.      As to Count One of this Indictment, defendant DWAYNE SMALLWOOD:

(a)      was previously convicted on or about June 10, 2008, in the Philadelphia County (Pennsylvania) Court of Common Pleas, at Case Number 1720-2008, of the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) (a serious drug felony under 21 U.S.C. § 802(57));

(b)      served a term of imprisonment of more than 12 months for this conviction; and

(c)      was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment;

(d)      was also previously convicted on or about February 8, 2002, in the Philadelphia County (Pennsylvania) Court of Common Pleas, at Case Number 1211081-2001, of

the crime of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance in violation of 35 P.S. § 780-113(a)(30) (a serious drug felony under 21 U.S.C. § 802(57));

        (e)     served a term of imprisonment of more than 12 months for this conviction; and

        (f)     was released from any term of imprisonment for this conviction within 15 years of the commencement of the crime charged in Count One of this Indictment.

## FORFEITURE ALLEGATIONS

1.      The grand jury re-alleges and incorporates by reference the allegations contained in Counts One through Twenty-seven of this Indictment for the purpose of alleging criminal forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p); and Title 28, United States Code, Section 2461(c).

2.      As a result of the violations of Title 21, United States Code, Sections 841, 846, and 860(a), charged in Counts One through Twenty-seven of this Indictment, the defendants, QUREEM OVERTON, BOBBY ASKEW, JASMINE COOK, DAMION FRAY, RICARDO GLENN, JAMIR HUGHES, NASIR SHARPE, DWAYNE SMALLWOOD, and BRADEN YARTZ, shall forfeit to the United States all proceeds of those violations, and all property constituting or derived from such proceeds, as well as any property used, or intended to be used, in any manner to commit, or to facilitate the commission of, the violations.

3.      If, through any act or omission by the defendants, QUREEM OVERTON, BOBBY ASKEW, JASMINE COOK, DAMION FRAY, RICARDO GLENN, JAMIR HUGHES, NASIR SHARPE, DWAYNE SMALLWOOD, and BRADEN YARTZ, any or all of the proceeds and property referenced in paragraph two (hereinafter "the Subject Proceeds and Property"):

a.      Cannot be located upon the exercise of due diligence;

b.      Have been transferred, sold to, or deposited with a third person;

c.      Have been placed beyond the jurisdiction of the Court;

d.      Have been substantially diminished in value; or

e.      Have been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property, proceeds, or funds of the

defendants up to the value of the Subject Proceeds and Property referenced above pursuant to Title

21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).

A True Bill,

Foreperson

SCOTT W. BRADY
United States Attorney
PA ID No. 88352