IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-120 |
| ) | |
| QUREEM OVERTON ) | [UNDER SEAL] |
| BOBBY ASKEW ) | |
| JASMINE COOK ) | |
| DAMION FRAY ) | |
| RICARDO GLENN ) | FILED |
| JAMIR HUGHES ) | |
| NASIR SHARPE ) | JUN - 9 2020 |
| DWAYNE SMALLWOOD ) | |
| BRADEN YARTZ ) | CLERK U.S. DISTRICT COURT |
| | WEST. DIST. OF PENNSYLVANIA |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Yvonne M. Saadi and Craig W. Haller, Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a twenty-seven count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to distribute 40 grams or more of fentanyl, 100 grams or more of heroin, 10 grams or more of acetyl fentanyl, a quantity of cocaine, and a quantity of cocaine base from January 2017 to June 2020 | 21 U.S.C. § 846 (All Defendants) |

| | | |
|---|---|---|
| 2, 7-12, 19, 21-27 | Possession with intent to distribute and/or distribution of fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base<br>June 21, 2017 (Count 2)<br>July 17, 2019 (Count 7)<br>November 20, 2019 (Count 8)<br>November 25, 2019 (Count 9)<br>December 4, 2019 (Count 10)<br>December 12, 2019 (Count 11)<br>December 18, 2019 (Count 12)<br>February 26, 2020 (Count 19)<br>March 13, 2020 (Count 21)<br>March 18, 2020 (Count 22)<br>April 2, 2020 (Count 23)<br>April 17, 2020 (Count 24)<br>April 24, 2020 (Count 25)<br>April 28, 2020 (Count 26)<br>May 6, 2020 (Count 27) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)<br>(OVERTON: 2, 7-12, 19, 24, 26; ASKEW: 2; FRAY: 19; GLENN: 8, 10-12, 21-23, 25-26; HUGHES: 27; SMALLWOOD: 9; YARTZ: 24) |
| 3-6, 13-18, 20 | Possession with intent to distribute and/or distribution of fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base within 1,000 feet of a playground or school<br>August 31, 2017 (Count 3)<br>October 10, 2017 (Count 4)<br>December 6, 2017 (Count 5)<br>December 15, 2017 (Count 6)<br>January 8, 2020 (Count 13)<br>January 17, 2020 (Count 14)<br>January 23, 2020 (Count 15)<br>February 5, 2020 (Count 16)<br>February 12, 2020 (Count 17)<br>February 19, 2020 (Count 18)<br>March 4, 2020 (Count 20) | 21 U.S.C. § 860(a)<br>(OVERTON: 4, 5, 13-15, 17-18, 20; ASKEW: 3; COOK: 4-6; GLENN: 13-18; SHARPE: 14, 20; YARTZ: 15) |

## II. ELEMENTS OF THE OFFENSES

**A.** **As to Count 1:** For the crime of conspiracy to distribute 40 grams or more of fentanyl, 100 grams or more of heroin, 10 grams or more of acetyl fentanyl, a quantity of

2

cocaine, and a quantity of cocaine base, in violation of 21 U.S.C. § 846, to be established, the United States must prove the following elements beyond a reasonable doubt.

1. That two or more people agreed to distribute or possess with intent to distribute a controlled substance;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement knowing of its objective to distribute or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

4. That the controlled substance was fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base, and that the amounts attributable to the defendant as a result of the defendant's own conduct and the conduct of conspirators that was reasonably foreseeable to the defendant are 40 grams or more of fentanyl, 100 grams or more of heroin, or 10 grams or more of acetyl fentanyl.

**B.     As to Counts 2, 7-12, 19, 21-27**: For the crime of possession with intent to distribute and/or distribution of fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the United States must prove the following elements beyond a reasonable doubt.

1. That the defendant knowingly possessed a mixture or substance containing a controlled substance;

2. That the defendant had an intent to distribute or distributed the mixture or substance; and

        3.      That the mixture or substance contained fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base.

    **C.**    **As to Counts 3-6, 13-18, 20:** For the crime of possession with intent to distribute and/or distribution of fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base within 1,000 feet of a playground or school, in violation of 21 U.S.C. § 860(a), to be established, the United States must prove each of the following elements beyond a reasonable doubt:

        1.      That the defendant knowingly possessed a mixture or substance containing a controlled substance;

        2.      That the defendant had an intent to distribute or distributed the mixture or substance;

        3.      That the mixture or substance contained fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base; and

        4.      That the defendant possessed with intent to distribute or distributed the fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base within one thousand feet of the real property comprising a playground or a school.

### III.   PENALTIES

    **A.**    **As to Count 1:** Conspiracy to distribute 40 grams or more of fentanyl, 100 grams or more of heroin, 10 grams or more of acetyl fentanyl, a quantity of cocaine, and a quantity of cocaine base (21 U.S.C. § 846):

        1.      A term of imprisonment of at least 5 years and up to 40 years.

        2.      A fine of up to $5,000,000.

        3.      A term of supervised release of at least 4 years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony:

      1.    A term of imprisonment of at least 10 years and up to life.

      2.    A fine of up to $8,000,000.

      3.    A term of supervised release of at least 8 years.

**B.**    **As to Counts 2, 7-12, 19, 21-27:** Possession with intent to distribute and/or distribution of fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):

      1.    A term of imprisonment of up to 20 years.

      2.    A fine of up to $1,000,000.

      3.    A term of supervised release of at least three years.

If the defendant has a prior felony drug conviction:

      1.    A term of imprisonment of up to 30 years.

      2.    A fine of up to $2,000,000.

      3.    A term of supervised release of at least six years.

**C.**    **As to Counts 3-6, 13-18, 20:** Possession with intent to distribute and/or distribution of fentanyl, heroin, acetyl fentanyl, cocaine, or cocaine base within 1,000 feet of a playground or school (21 U.S.C. § 860(a)):

      1.    A term of imprisonment of not less than 1 year and up to twice the maximum authorized under 21 U.S.C. § 841(b).

      2.    A fine of up to twice the maximum authorized under 21 U.S.C. § 841(b).

      3.    A term of supervised release of at least twice the term authorized for

a first offense under 21 U.S.C. § 841(b).

If the defendant has a prior conviction under 21 U.S.C. § 860(a):

1. A term of imprisonment of not less than 3 years and up to life.

2. A fine of up to three times the maximum authorized under 21 U.S.C. § 841(b).

3. A term of supervised release of at least three times the term authorized for a first offense under 21 U.S.C. § 841(b).

If the defendant has two or more prior convictions under 21 U.S.C. § 860(a), the penalties are those set forth in 21 U.S.C. § 841(b)(1)(A).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed for each count of conviction, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution is not applicable at this time.

### VI. FORFEITURE

As set forth in the Indictment, this case may involve forfeiture of the defendants' interests in certain assets.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


s/ Craig W. Haller
CRAIG W. HALLER
Assistant U.S. Attorney
PA ID No. 87714