

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                412/644-3500

July 12, 2020

Ryan R. Smith, Esquire
310 Grant Street, Suite 820
Pittsburgh, PA 15219

Re:   United States of America v.
      Ricardo Glenn
      Criminal No. 20-120

Dear Mr. Smith:

This plea agreement letter sets forth the agreement by which your client, Ricardo Glenn, will enter a plea of guilty in the above-captioned case. The plea agreement letter represents the full and complete agreement between Ricardo Glenn and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Ricardo Glenn will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A.   The defendant, Ricardo Glenn, agrees to the following:

1.   Ricardo Glenn will enter a plea of guilty to a lesser included offense of Count 1 of the Indictment at Criminal No. 20-120, charging him with violating 21 U.S.C. § 846, pursuant to Rule 11 of the Federal Rules of Criminal Procedure; that is, he will plead guilty to conspiring to distribute quantities of fentanyl, heroin, acetyl fentanyl, cocaine, and cocaine base.

2.   Ricardo Glenn acknowledges his responsibility for the conduct charged in Counts 8, 10-18, 21-23, and 25-26 of the Indictment at Criminal No. 20-

**LIMITED OFFICIAL USE**

      120 and stipulates that the conduct charged in those counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. Ricardo Glenn will voluntarily forfeit to the United States all property subject to forfeiture under Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p); and Title 28, United States Code, Section 2461(c), including the $3,920.00 in United States currency that was seized on June 24, 2020, in Room 209 of the Holiday Inn Express in Butler, Pennsylvania.

4. Ricardo Glenn acknowledges that the above-described property was acquired directly or indirectly from the commission of the crimes charged in the Indictment or was used to commit those crimes.

5. Ricardo Glenn acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and he herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

6. At the time Ricardo Glenn enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

7. Ricardo Glenn agrees that he will not seek a variance from the guideline range based upon the crack/powder differential in the United States Sentencing Guidelines.

8. Ricardo Glenn waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Ricardo Glenn may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Ricardo Glenn may take a direct appeal from the sentence.

Ricardo Glenn further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255 challenging his conviction or sentence and the right to pursue any other collateral proceeding challenging his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude Ricardo Glenn from raising a claim of ineffective assistance of counsel in an appropriate forum if otherwise permitted by law. Ricardo Glenn understands that the United States retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence, the United States Attorney will move to dismiss Counts 8, 10-18, 21-23, and 25-26 of the Indictment at Criminal No. 20-120, as they relate to Ricardo Glenn, without prejudice to their reinstatement if, at any time, Richardo Glenn is permitted to withdraw his plea of guilty. In that event, Ricardo Glenn waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the Court of the full nature and extent of the involvement of Ricardo Glenn in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. If at any time prior to imposition of the sentence, however, Ricardo Glenn fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

4. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Ricardo Glenn and the United States Attorney further understand and agree to the following:

1. The penalties that may be imposed upon Ricardo Glenn for the lesser included offense of Count 1 of the Indictment (i.e., conspiracy to distribute quantities of fentanyl, heroin, acetyl fentanyl, cocaine, and cocaine base) are:

   (a) A term of imprisonment of up to 20 years;

    (b)    A fine of up to $1,000,000;

    (c)    A term of supervised release of at least 3 years;

    (d)    A special assessment under 18 U.S.C. § 3013 of $100.

2. The parties stipulate that the types and quantities of controlled substances attributable to Ricardo Glenn under U.S.S.G. § 2D1.1 are 32 grams of fentanyl, 80 grams of heroin, 8 grams of acetyl fentanyl, 100 grams of cocaine, and 22.4 grams of cocaine base (in the form commonly known as crack). These stipulations include all relevant conduct as to drug quantity under U.S.S.G. § 1B1.3. These stipulations represent the parties' best understanding on the basis of the information available as of the date of this agreement. These stipulations are not binding on the Court and do not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed. The foregoing stipulations do not preclude either party from seeking guideline enhancements or reductions as to factors that are not the subject of the stipulations.

3. The parties understand that, to the extent applicable and pursuant to 21 U.S.C. § 862, the Court may, in its discretion, order that Ricardo Glenn be ineligible for up to 5 years for all federal benefits as defined in Section 862(d).

4. This agreement does not preclude the United States from pursuing any civil or administrative remedies against Ricardo Glenn or his property.

5. The parties agree that, although charges are to be dismissed pursuant to this agreement, Ricardo Glenn is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Ricardo Glenn waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

6. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea agreement letters shall include a sealed supplement. The sealed supplement to this plea agreement letter is part of the agreement between the parties hereto.

This plea agreement letter sets forth the full and complete terms and conditions of the agreement between Ricardo Glenn and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms, or conditions, express or implied.

Very truly yours,

*[signature]*

SCOTT W. BRADY
United States Attorney

I have received this plea agreement letter from my attorney, Ryan R. Smith, Esquire, have read it and discussed it with him, and I understand the terms of the agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*[signature]*

RICARDO GLENN

8/17/2020
Date

Witnessed by:

*[signature]*

RYAN R. SMITH, ESQUIRE
Counsel for Ricardo Glenn